**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**DIVISION**

**MYRON FRANKS, ET AL**                          **CASE NO. 2:22-cv-2076**

**VERSUS**                                       **JUDGE JAMES D. CAIN, JR.**

**LIBERTY PERSONAL INSURANCE**                   **MAGISTRATE JUDGE KAY**
**COMPANY**

## MEMORANDUM RULING

Before the Court is "Liberty Personal Insurance Company's Motion for Summary Judgment (Doc. 11) wherein Liberty Personal Insurance Company ("Liberty") moves to dismiss Plaintiffs, Myron and Angela Franks claims and this lawsuit with prejudice.

## FACTUAL STATEMENT

On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana, which caused damaged to the Franks' home and property. During the relevant time period, the property was insured by a homeowner's policy issued by Liberty.[1] On November 13, 2020, the Frank's sold the property to Jeremy Tolbert and Stefanee Tolbert.[2] As part of the sale, the Franks executed an Assignment in favor of the Tolberts. That Assignment included the following language:

> Assignor [the seller] hereby assigns to Assignee [the buyer] all of his/her/their/ it's rights, title and interest in any and all insurance proceeds payable to Assignor as a result of damage to the Property by a covered peril under the Assignor's policy of insurance at the time of the loss.

---

[1] Defendant's exhibit A1.
[2] Defendant's exhibit A2.

> Further, Assignor agrees, as apportion of this real estate transaction, to file any and all claims with the applicable carrier of insurance for the policy period in which the date of loss occurred and Assignor held an insurance policy. . . .[3]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[3] *Id.* p. 13, Doc. 11-4.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Liberty argues that the Assignment of insurance proceeds assigns all of the Franks' interests in the claims asserted in this lawsuit to the new homeowners.  Therefore, Liberty moves to dismiss all of Plaintiffs' claims and the entire lawsuit.  As noted by Plaintiffs, the new homeowners of the subject property have now intervened as Plaintiffs considering their status as Assignees of the insurance proceeds.  For that reason alone, the instant lawsuit will not be dismissed.

As to the Franks' interests, Liberty argues that Plaintiffs' claims for penalties and attorney fees are assignable, and therefore the Franks have no interest in this lawsuit and must be dismissed citing Louisiana Civil Code article 681.[4] See also Louisiana Practice Civil Pretrial sec 4:49 (2022ed.) (citing article 681.) "If the entire right has been assigned

---

[4] Article 681 provides that "any action can be brought only by a person having a real and actual interest which he asserts."

and suit is brought in the name of the assignor, the latter has no right of action." *Denham Homes L.L.C. v Teche Fed. Bank,* 182 So.3d 108, 120 (La.App. 1 Cir. 9/18/15).

Liberty maintains that the Franks assigned their hurricane claims to the Tolberts. However, the Assignment expressly states that the Franks assigned the insurance proceeds to the Tolberts. Under Louisiana law, an assignment is a contract between the parties and the terms of the contract control the scope of the assignment. See generally, *In re Katrina Canal Breaches Litigation*, 63 So.3d 955 (La. 2011); see also, *Johno v. Doe*, 187 So.3d 581 (La.App. 4th Cir. 2016).  The Franks assert that the Assignment makes no mention of the bad faith claims under Louisiana Revised Statutes 22:1892 and/or 22:1973.

The Court finds that any bad faith claims are not part of the Assignment.  The Assignment clearly assigns only the insurance proceeds, but does not expressly assign the bad faith claims, which are extra-contractual. In *Disaster Relief Services of North Carolina, LLC v. Employers Mut. Cas. Ins. Co.*, 2009 WL 935963 (W.D. La. April 6, 2009), the Court found that the Assignor was entitled to assign his rights of action to the extent that these were accrued at the time of the assignment, and pursuant to Louisiana law concerning obligations and assignments, any assignment of rights of action under the penalty statute(s) must be expressly provided for in the act of assignment. See also *Pontchartrain Gardens, Inc. v. State Farm General Ins. Co.*, 2009 WL 86671 (E.D. La. 1/13/09), which also reasoned that pursuant to Louisiana law concerning obligations and assignments, any assignment of rights of action under the penalty statutes must be expressly provided for in

the act of assignment. Here, the Assignment does not expressly assign the right of action for bad faith claims, only the insurance proceeds.

## **CONCLUSION**

For the reasons set forth herein, Liberty's Motion for Summary Judgment (Doc. 11) will be denied.

**THUS DONE AND SIGNED** in Chambers on this 1st day of March, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**